John J. O’Brien, J.
This is an application for a stay of arbitration by the Board of Education upon the ground that the contractor, Wager Construction Corp., failed to comply with the provisions of section 3813 of the Education Law. Wager Construction Corp. cross-moves for an order directing the arbitration to proceed.
The controversy arises out of a contract between the board and the contractor for construction of a new physical education building at Ogdensburg, New York. The contractor contends that delay on the part of the board in making a portion of the construction site available at the time agreed upon required the contractor to revise its construction schedule resulting in substantially higher costs to the contractor.
By letter of August 12, 1971, from the contractor to the architect for the board, notice was given that the unavailability of the construction site was causing ‘ ‘ costly delay ’ ’ to the contractor. On November 6, 1972 a letter from the contractor to the architect presented a portion of the contractor’s claim for cost overruns and the letter indicated that the balance of the claim was being prepared. On February 12, 1973, the balance of the contractor’s claim was submitted to the architect. Reference is had in the moving papers and correspondence to a meeting of the parties which was held on February 8,. 1973 wherein the architect allegedly implied that the contractor’s claim would be denied. On March 10, 1973, the contractor served a notice of claim upon the board and on March 21, 1973 the contractor served a notice of intention and demand for arbitration.
Subdivision 1 of section 3813 of the Education Law provides as follows: “No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services or any officer of a school district, board of education, or board of cooperative educational services, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the *866 governing body of said district within three months after the - accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.”
Under the former Civil Practice Act the filing of a verified claim was a necessary condition precedent to an arbitration proceeding. (Matter of Board of Educ., Union Free School Dist. No. 7 [Heckler Elec. Co.], 7 N Y 2d 476.) There is some thought that enactment of the arbitration provisions of the CPLR operated to change the rationale of the Heckler case and that a different result might be reached today. (See, dissenting opn., Matter of Board of Educ. of Cent. School Dist. No. 2 [Hanover Ins. Co.], 22 A D 2d 936, affd. 16 N Y 2d 673; unreported decision of Mr. Justice Arthur C. Aulisi in Matter of Board of Educ. v. Gaetano, the judgment in which case was filed in the office of the Fulton County Clerk on August 8, 1969 under Index No. 48844.) In my view of the instant matter it ' is not necessary to reach the question of whether the holding in the Heckler case would be the same today as I am of the opinion that the contractor did file a timely notice of claim.
In considering the question of timely filing of a notice of claim the Appellate Division, Third Department, has indicated that where the contract is not divisible the Statute of Limitations will not begin to run until final performance. (Shalman v. Board of Educ. of Cent. School Dist. No. 1, 31 A D 2d 338.) As in the Shalman ease the parties to the instant proceeding have not submitted the contract itself to the court for consideration. The contractor did, however, submit copies of certain general conditions of the contract for construction which are apparently part of the general construction contract itself, Article 2 of these conditions provides generally for disputes between the contractor and the board to be submitted to the architect and for the architect to render a written decision in connection therewith. The contractor did submit a timely statement of the dispute to the architect but no written decision was received. In addition, the affidavit of McGee on behalf of the contractor indicates that during the months of March and April, 1973 requisitions for payment were being submitted to the architect by the contractor and were being approved with some modification. This would indicate that the contract was still active and vital after the notice of claim was filed.
On the basis of the factual situation presented and the holding in the Shalman case (supra) I am of the opinion that the *867 notice of claim was timely served and that the damage, if any, to the contractor must be determined in the arbitration proceeding.
The motion to stay arbitration is denied. The motion directing arbitration to proceed is granted. Costs are denied on the motion. Submit order.